# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Yony Wuilfredo Reyes Castellano,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No. CV-26-03042-PHX-RM (JZB)<br><br>**ORDER** |

Petitioner Yony Wuilfredo Reyes Castellano filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his immigration detention. The Court ordered service and required a response. (Doc. 3.) Attorney Siovhan Sheridan Ayala subsequently filed a notice of appearance on Petitioner's behalf. (Doc. 6.) On May 14, 2026, Petitioner filed, through counsel, an Amended Petition.[1] (Docs. 7, 10.)[2]

In the Amended Petition, Petitioner states that he is a native and citizen of Honduras who entered the United States without inspection in 2019 and has resided here ever since. (Doc. 7 at 2-3, 6; *see also* Doc. 7-1 at 6.) Petitioner argues that his custody is properly governed by 8 U.S.C. § 1226, which contemplates a bond hearing, and that he is not subject to mandatory detention under 8 U.S.C. § 1225. (*Id.* at 2-3, 6-10.) Petitioner attaches to the Amended Petition a Notice to Appear dated April 21, 2026, alleging that Petitioner entered the United States in 2019 without being admitted or paroled. (Doc. 7-1 at 6.)

---

[1] The Amended Petition was properly filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).
[2] Petitioner filed the Amended Petition at Doc. 7 and a redlined version at Doc. 10.

A district court in the Central District of California recently certified a class that includes Petitioner. *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025). On December 18, 2025, the *Bautista* court entered judgment under Rule 54(b), declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Most recently, the court in *Bautista* granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals' ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[3] Pursuant to those rulings, Petitioner is entitled to be released from custody or provided a bond redetermination hearing within ten days.

Alternatively, the Court has reviewed the Petition and concludes Petitioner is entitled to relief regardless of *Bautista*. The Court grants relief based on its independent view that Petitioner's detention is governed by § 1226 and not § 1225 for the reasons set forth in *Echevarria v. Bondi*, 2025 WL 2821282 (D. Ariz. 2025). *See Lopez-Campos, et al. v. Raycraft, et al.*, ___ F.4th ___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Federal Det. Center Miami*, ___ F. 4th ___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, ___ F. 4th ___, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).[4]

---

[3] The Ninth Circuit Court of Appeals has stayed these orders pending appeal of the district court's class certification order and final judgment. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 25-7958 (9th Cir. Mar. 31, 2026). The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner is entitled to relief in the form of release or a bond hearing.

[4] The Court has reviewed Respondents' responses in other habeas cases that present this issue and notes that those responses effectively reassert the same arguments concerning the

The Court is aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under § 1225. But those decisions do not persuade the Court that its interpretation is incorrect, nor do they undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

**IT IS ORDERED**:

1. The previously set briefing deadlines are **vacated**.

2. Counsel for Petitioner must **immediately** serve the Amended Petition (Docs. 7, 10) and a copy of this Order on Respondents.

3. If not already issued, the Clerk's Office must issue any properly completed summonses.

4. The Clerk of Court must immediately transmit by email a copy of this Order and the Amended Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

5. Petitioner's Amended Petition for Writ of Habeas Corpus (Docs. 7, 10) is **granted**.

6. Respondents must provide Petitioner a bond redetermination hearing within **ten (10) days** or release him from custody under the same conditions that

impact of *Bautista* and disputing the Court's conclusion in *Echevarria*. Accordingly, the Court grants relief without requiring a response. Respondents may seek reconsideration of this Order in the event they believe Petitioner is not, in fact, a member of the *Bautista* class. But the Court's review of the docket in this matter reflects that he entered the United States in March 2019 and was not classified as an arriving alien subject to § 1225(b). (Doc. 7-1 at 6.) Additionally, Respondent may seek reconsideration based on new arguments challenging the conclusion reached in *Echevarria*.

existed before his detention.

7. Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond hearing.

8. Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 20th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge